**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| AARON HYDEN, previously doing business as Speedway Garage Tile,<br><br>Plaintiff,<br><br>v.<br><br>VERSACOURT, LLC, RECREATIONAL GROUP, RON BENNETT, AMANDA TODD AND LYNETTE OGLE,<br><br>Defendants. | ) | No. 1:20-CV-00119<br><br>Jury Demanded |

**PLAINTIFF'S ANSWER TO COUNTER-COMPLAINT OF CH3 SOLUTIONS, LLC**

Plaintiff Aaron Hyden, through counsel, answer the Counter-Complaint of CH3 Solutions, LLC (CH3) and says:

1. The allegations of Paragraph 1 of the Counter-Complaint are admitted.

2. In response to Paragraph 2 of the Counter-Complaint, the terms and provisions of Exhibit 1 speak for themselves.

3. In response to Paragraph 3 of the Counter-Complaint, the terms and provisions of the attachments to Exhibit 1 speak for themselves.

4. In response to Paragraph 4 of the Counter-Complaint, the terms and provisions of Schedule 1 as an exhibit to Exhibit 1 speak for themselves.

5. The allegations of Paragraph 5 of the Counter-Complaint, as specifically set forth, are denied.

6. In response to response to Paragraph 6 of the Counter-Complaint, the Counter-defendant has insufficient knowledge to admit or deny the reasons why Versacourt executed the

bill of sale that it prepared. In further response to Paragraph 6 of the Counter-Complaint, it is admitted that Versacourt made a partial payment of the amounts owed under the Bill of Sale but breached the agreement initially by failing to make the appropriate and contracted payment.

7. The allegations of Paragraph 7 of the Counter-Complaint are denied.

8. In response to Paragraph 8 of the Counter-Complaint, the Counter-Defendant has insufficient knowledge to admit or deny what correspondence Versacourt received from a third party. This Counter-Defendant also has insufficient knowledge to admit or deny the reasons why Versacourt breached the terms of the Bill of Sale.

9. The allegations of Paragraph 9 of the Counter-Complaint are denied.

10. In response to Paragraph 10 of the Counter-Complaint, the terms and provisions of the bill of sale speak for themselves. The remaining allegations of Paragraph 10 of the Counter-Complaint are denied.

11. The Counter-Defendant makes no response to the allegations of Paragraph 11 of the Counter-Compliant as no response is mandated under Federal Rules of Civil Procedure 8, 9 and 10.

12. The allegations of Paragraph 12 of the Counter-Complaint are denied as stated.

13. The allegations of Paragraph 13 of the Counter-Complaint are denied.

14. The allegations of Paragraph 14 of the Counter-Complaint, as specifically set forth herein, are denied.

15. This Counter-Defendant makes no response to the allegations of Paragraph 15 of the Counter-Complaint as no response is mandated under Federal Rules of Civil Procedure 8, 9 and 10.

16. The allegations of Paragraph 16 of the Counter-Complaint, as specifically set forth herein, are denied.

17. The allegations of Paragraph 17 of the Counter-Complaint are denied.

18. The allegations of Paragraph 18 of the Counter-Complaint, as specifically set forth, are denied.

19. The Counter-Defendant has insufficient knowledge to admit or deny what Versacourt may have relied upon.

20. The allegations of Paragraph 20 of the Counter-Complaint, as specifically set forth, are denied.

21. This Counter-Defendant makes no response to the allegations of Paragraph 21 of the Counter-Complaint as no response is mandated under Federal Rules of Civil Procedure 8, 9 and 10.

22. The allegations of Paragraph 22 of the Counter-Complaint, as specifically set forth, are denied.

23. The allegations of Paragraph 23 of the Counter-Complaint are denied.

24. The allegations of Paragraph 24 of the Counter-Complaint are denied.

25. In response to Paragraph 25 of the Counter-Complaint, the Counter-Defendant has insufficient knowledge to admit or deny what Versacourt relied upon.

26. In response to Paragraph 26 of the Counter-Complaint, the Counter-Defendant has insufficient knowledge to admit or deny what Versacourt believed. The remaining allegations of Paragraph 26 of the Counter-Complaint are denied.

27. The Counter-Defendant makes no response to the allegations of Paragraph 27 of the Counter-Complaint as no response is mandated under Federal Rules of Civil Procedure 8, 9 and 10.

28. The provisions of Section 7 of the Bill of Sale speak for themselves. The remaining allegations of Paragraph 28 of the Counter-Complaint are denied.

29. The allegations of Paragraph 29 of the Counter-Complaint are denied.

30. The allegations of Paragraph 30 of the Counter-Complaint are denied.

## AFFIRMATIVE DEFENSES

31. The Plaintiff/Counter-Defendant reasserts all of the causes of action/potential defenses set forth in the Plaintiff's Complaint. Versacourt failed to take reasonable steps to minimize or reduce their potential damages and their lack of good faith in reaching the Earnout target resulted in Versacourt creating their own alleged damages.

32. Versacourt was the first to breach the bill of sale by failing to pay the correct amount at closing; fraudulently using Hyden's American Express card to pay for their own expenses; collecting Hyden's receivables and converting them to their own purposes and implementing a sales reduction program ensuring that Earnout target goals would not be reached.

33. All allegations of the Counter-Complaint not previously admitted, denied or otherwise referred to are here and now denied as if specifically denied herein.

WHEREFORE, your Counter-Defendant prays that it be dismissed with its reasonable costs or demands that a jury be empaneled to try the issues of this cause.

Respectfully submitted,

LOGAN-THOMPSON, P.C.

By: Robert G. Norred, Jr.
ROBERT G. NORRED, JR. (BPR#012740)

Attorneys for Plaintiff
P.O. Box 191
Cleveland, TN 37364-0191
423-476-2251

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of June, 2020, a copy of the foregoing Initial Disclosures was filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system and to the undersigned by U.S. Mail with sufficient postage thereon to carry the same to its destination:

Chris W. McCarty, Esq.
Jared S. Garceau, Esq.
Lewis, Thomason, King, Krieg & Waldrop, P.C.
One Centre Square, Fifth Floor
620 Market Street
PO Box 2425
Knoxville, TN 37901

LOGAN-THOMPSON, P.C.

By: Robert G. Norred, Jr.
ROBERT G. NORRED, JR.