**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| AARON HYDEN, previously doing business as Speedway Garage Tile,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>VERSACOURT, LLC, RECREATIONAL GROUP, RON BENNETT, AMANDA TODD AND LYNETTE OGLE,<br><br>Defendants/Counter-Plaintiffs. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:20-CV-00119 |

**<u>PLAINTIFF/COUNTER-DEFENDANT'S ANSWER TO CH3'S AMENDED COUNTERCLAIM</u>**

Your Plaintiff/Counter-Defendant hereby replies and answers to CH3's Amended Counterclaim filed on May 6, 2021, as follows:

1. The allegations of Paragraph 1 of Amended Counterclaim are admitted with the exception that Exhibit 1 is not attached to the Amended Counterclaim.

2. The language of Paragraph 2 of the Bill of Sale speaks for itself. The remaining allegations of Paragraph 2 characterizing language are denied.

3. The language of Paragraph 3 of the Bill of Sale speaks for itself. The remaining allegations of Paragraph 3 characterizing language are denied.

4. The language of Schedule 1 of the Bill of Sale speaks for itself.

5. The language of Section 5 of the Bill of Sale speaks for itself.

6. It is admitted that CH3 proceeded with the Bill of Sale and made a payment. The remaining characterizations of Paragraph 6 of the Amended Counterclaim are denied.

7. The allegations of Paragraph 7 of the Amended Counterclaim are denied.

8. In response to Paragraph 8 of the Amended Counterclaim, it is admitted that Defendants received correspondence from a third party claiming infringement upon their intellectual property, partly based on molds previously owned by the Plaintiff. The remaining allegations of Paragraph 8 of the Amended Counterclaim are denied.

9. Allegations of Paragraph 9 of the Amended Counterclaim are denied.

10. The allegations of Paragraph 10 of the Amended Counterclaim are denied.

11. In response to Paragraph 11 of the Amended Counterclaim, the Plaintiff/Counter-Defendant has insufficient knowledge to admit or deny what CH3 believed. The remaining allegations of Paragraph 11 of the Amended Counterclaim are denied.

12. The language of Section 7 of the Bill of Sale speaks for itself.

13. The Plaintiff/Counter-Defendant makes no response to the allegations of Paragraph 13 of the Amended Counterclaim, as no response is mandated under Rules 7, 8 and 9 of the Federal Rules of Civil Procedure.

14. The Plaintiff/Counter-Defendant has insufficient knowledge to admit or deny the truth of the averments of Paragraph 14 of the Amended Counterclaim hence the Defendants have breached the contract.

15. The allegations of Paragraph 15 of the Amended Counterclaim are denied.

16. The allegations of Paragraph 16 of the Amended Counterclaim are denied.

17. The allegations of Paragraph 17 of the Amended Counterclaim are denied.

18. The allegations of Paragraph 18 of the Amended Counterclaim are denied.

19. The Plaintiff/Counter-Defendant makes no response to the allegations of Paragraph 19 of the Amended Counterclaim as no response is mandated under Rules 7, 8, and 9 of the Federal Rules of Civil Procedure.

20. The allegations of Paragraph 20 of the Amended Counterclaim are denied.

21. The allegations of Paragraph 21 of the Amended Counterclaim are denied.

22. The allegations of Paragraph 22 of the Amended Counterclaim are denied.

23. The Plaintiff/Counter-Defendant has insufficient knowledge as to what CH3 believed or relied upon.

24. The allegations of Paragraph 24 of the Amended Counterclaim are denied.

25. The Plaintiff/Counter-Defendant makes no response to the allegations of Paragraph 25 as no response is mandated under Rules 7, 8 and 9 of the Federal Rules of Civil Procedure.

26. The allegations of Paragraph 26 of the Amended Counterclaim are denied.

27. The allegations of Paragraph 27 of the Amended Counterclaim are denied.

28. The allegations of Paragraph 28 of the Amended Counterclaim are denied.

29. The Plaintiff/Counter-Defendant has insufficient knowledge as to admit or deny what CH3 believed or relied upon.

30. The allegations of Paragraph 30 of the Amended Counterclaim are denied.

31. The Plaintiff/Counter-Defendant makes no response to the allegations of Paragraph 31, as no response is mandated under Rules 7, 8 and 9 of the Federal Rules of Civil Procedure.

32. The language of Paragraph § 7 of the Bill of Sale speaks for itself. The characterization of language remaining in Paragraph 32 of the Amended Counterclaim is denied.

33. The allegations of Paragraph 33 of the Amended Counterclaim are denied.

34. The allegations of Paragraph 34 of the Amended Counterclaim are denied.

**AFFIRMATIVE DEFENSES**

35. Your Plaintiff/Counter-Defendant re-alleges all of the allegations of the Complaint which may be affirmative defenses to the Amended Counterclaim including but not limited to fraud, constructive fraud, reformation, breach of contract, negligent misrepresentation, security fraud under T.C.A. §§48-1-121 and 122 and conversion.

36. During the six weeks preceding October 3, 2018, your Defendants were effectively running the Plaintiff's business and were satisfied that they had a full knowledge of all of the assets, liabilities and financial records of the Plaintiff. Since the Defendant CH3 is in the business of manufacturing floor tiles and has its own patents, CH3 and the Defendants were guilty of contributory negligence in their own due diligence process, as they are the experts on patents compared to the Plaintiff.

37. Your Defendants/Counter-Plaintiffs have taken the Plaintiff/Counter-Defendant's viable business, paid only $384,000.00 towards a 1.5 Million Dollar sales price, have enforced your Plaintiff's covenants not to compete and have effectively had their cake and are eating it, too. The following maxims of equity now prevent any recovery on this Amended Counterclaim since the Defendants/Counter-Plaintiffs' actions have created their own alleged loss:

(a) He Who Comes Into Equity Must Come With Clean Hands;
(b) Equity Regards That As Done Which Ought To Be Done;
(C) Equity Will Undo What Fraud Has Done;
(C) Equity Will Not Suffer A Wrong Without A Remedy;
(E) Equity Looks To The Intent Rather Than To The Form;
(F) Equity Requires Diligence, Clean Hands And Good Faith.

38. All allegations not previously admitted, denied and otherwise referred to are here and now denied as if specifically denied herein.

WHEREFORE, Plaintiff/Counter-Defendant moves the Court to dismiss the Amended Counterclaim and award the Plaintiff/Counter-Defendant his reasonable costs.

Respectfully submitted,

LOGAN-THOMPSON, P.C.

By: Robert G. Norred, Jr.
ROBERT G. NORRED, JR. (BPR#012740)
Attorneys for Plaintiff
P.O. Box 191
Cleveland, TN 37364-0191
423-476-2251

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of June, 2021, a copy of the foregoing has been served upon the Defendants by regular U.S. Mail, with sufficient postage thereon to carry the same to its destination, upon the following:

Chris W. McCarty, Esq.
Lewis, Thomason, King, Krieg & Waldrop, P.C.,
One Centre Square, Fifth Floor
620 Market Street
PO Box 2425
Knoxville, TN 37901

LOGAN-THOMPSON, P.C.

By: /s/Robert G. Norred, Jr.